UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**GABRIELLE HELENE DURDEN,**

        **Plaintiff,**

v.                                                        **22-CV-799S(Sr)**

**DNF ASSOCIATES LLC,**

        **Defendant.**
_____

### REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. John L. Sinatra, Jr., in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Plaintiff commenced this action in New York State Supreme Court, County of Erie, on April 13, 2022. Dkt. #1, ¶ 1 & Dkt. #1-2, p.2.

Plaintiff filed an amended complaint adding a cause of action for violation of the Fair Debt Collection Practices Act ("FDCPA"), on October 24, 2022. Dkt. #1-1, ¶ 4. The amended complaint alleges that defendant sued plaintiff on August 11, 2021 to collect an alleged debt for personal, family or household purposes in the amount of $2,242.72. Dkt. #1-1, ¶¶ 3, 5 & 6. That lawsuit was dismissed on April 19, 2022. Dkt. #1-1, ¶ 9. Plaintiff alleges that she never entered into any agreement authorizing the debt and that defendant falsely represented the amount of the alleged debt and

attempted to collect it. Dkt. #1-1, ¶¶ 6 & 10. Plaintiff claims to have suffered emotional distress and to have incurred costs to hire a lawyer to defend against defendant's lawsuit. Dkt. #1-1, ¶¶ 7-8. Plaintiff alleges negligence, negligence *per se* for breach of New York General Business Law § 601 and civil liability under the Fair Debt Collection Act, 15 U.S.C. § 1692k(a), for violation of 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692(f)(1). Dkt. #1-1, ¶ 13. Plaintiff seeks "actual/compensatory/punitive/statutory damages, costs, attorney's fees, and other proper relief." Dkt. #1-1, ¶ 14.

Defendant removed the action to this court pursuant to 28 U.S.C. § 1441(a), in accordance with 28 U.S.C. § 1331, which affords this court original jurisdiction over alleged violations of federal statutes ( Dkt. #1, ¶ 5), and moved to dismiss the action for failure to state a claim. Dkt. #4. Plaintiff opposes the motion to dismiss and moves to remand the action to state court for lack of subject matter jurisdiction. Dkt. #9.

**Standing**

Plaintiff argues that she has not alleged an injury in fact sufficient to warrant standing in this court, but rather "only a statutory violation" or "legal injury." Dkt. #10, pp.2 & 5.

Defendant responds that plaintiff's amended complaint clearly alleges actual damages. Dkt. #11, p.2.

The party invoking federal jurisdiction – in this case, defendant – bears the burden of establishing that the dispute falls within the limits of the judicial power of the federal courts to resolve cases and controversies as set forth in Article III, Section 2, Clause 1 of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Stated another way, the party invoking federal jurisdiction must demonstrate that the federal court has standing to resolve the dispute by identifying three elements: (1) plaintiff suffered an "injury in fact," that is concrete, particularized, and actual or imminent; (2) the injury was likely caused by the defendant; and (3) the injury would likely be redressed by a favorable decision. *TransUnion LLC v. Ramirez*, __ U.S. __, 141 S. Ct. 2190, 2203 (2021). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan.* 504 U.S. at 561.

In *Spokeo v. Robbins*, the United States Supreme Court recognized that although Congress was well positioned to identify intangible harms that meet Article III requirements, a plaintiff does not automatically satisfy the injury in fact requirement simply because a statute authorizes a person to sue to vindicate a statutory right. 578 U.S. 330, 341 (2016). In other words, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* Thus, an allegation that a defendant violated the FDCPA is insufficient, by itself, to allege a concrete injury necessary for

Article III standing. *See Mohadeb v. Credit Corp Solutions Inc., 22-CV-5017,* 2022 WL 17832856, at *2 (E.D.N.Y. Dec. 21, 2022) (collecting cases).

Physical harm, monetary harm, and various intangible harms, including reputational harm may qualify as injury in fact. *TransUnion,* 141 S. Ct. at 2204; *Spokeo,* 578 U.S. at 340-341. Emotional distress may also constitute concrete harm sufficient to meet the injury in fact requirement for Article III standing. *Tescher v. Experian Info. Sols., Inc.,* 21-CV-2266, 2022 WL 564048, at *5 (S.D.N.Y. Feb 23, 2022); *Haynes v. TransUnion, LLC*, CV 19-7157, 2021 WL 3185581, at *4 (E.D.N.Y. July 28, 2021); *But See Maddox v. Bank of N.Y. Mellon Trust Co.,* 19 F.4th 58, 66 (2d Cir. 2021) ("A perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing."); *Ergas v. Eastpoint Recovery Group, Inc., 20-CV-333,* 2022 WL 1471348, at *11 (W.D.N.Y. May 10, 2022) (emotional distress resulting from prosecution of FDCPA action cannot satisfy injury in fact requirement), *modified on other grounds upon reconsideration by* 2022 WL2128029 (W.D.N.Y. June 14, 2022) .

In the instant case, plaintiff's allegations that she incurred costs to hire a lawyer to defend against defendant's debt collection lawsuit and suffered a great deal of emotional distress as a result of defendant's conduct are sufficient to establish a concrete harm and thereby afford this court standing to address plaintiff's lawsuit. *See Johnson v. Hunter Warfield, Inc*., 22-CV-122, 2022 WL 1421815, at *2 (N.D.N.Y. May 5, 2022) (finding plaintiff's allegations that defendant's conduct incurred costs, loss of

credit opportunities and stress entitling plaintiff to actual damages sufficient to establish standing).

### Failure to State a Claim

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court is not required to credit legal conclusions, bare assertions or conclusory allegations. *Id.* at 678, 681, 686. Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### FDCPA

Defendant argues that plaintiff's allegation that she did not owe a debt is insufficient to support a claim under the FDCPA. Dkt. #4-1, p.4.

The FDCPA "authorizes private civil actions against debt collectors who engage in certain prohibited practices." *Rotkiske v. Klemm*, __ U.S. __, 140 S.Ct. 355, 358 (2019); *See* 15 U.S.C. 1692k(a). It was enacted "to eliminate abusive debt

collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.*, *citing* 15 U.S.C. § 1692(e). To plausibly assert a claim under the FDCPA, a plaintiff must allege that: (1) she is a consumer who allegedly owes the debt, or a person who has been the object of efforts to collect a consumer debt; (2) that the defendant collecting the debt is a debt collector; and (3) that the defendant has engaged in an act or omission in violation of FDCPA requirements. *Owoyemi v. Credit Corp. Solutions, Inc.*, 596 F.Supp.3d 514, 520 (S.D.N.Y. 2022).

Count 3 of plaintiff's amended complaint alleges, in sum total, that "[d]efendant is liable to [p]laintiff per 15 U.S.C. 1692k(a) for debt collection violations, including, but not limited to, violation of 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692f(1)." Dkt. #1-1, ¶ 13. 15 U.S.C. § 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and sets forth a non-exhaustive list of examples of such conduct. For example, 15 U.S.C. § 1692e(2) prohibits false representations, including with respect to the character, amount or legal status of any debt. A representation is deceptive under 15 U.S.C. § 1692e if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017). 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt, including the "collection of any amount (including any interest, fee charge, or expense incidental

to the principal obligation), unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(f). The Court of Appeals for the Second Circuit has determined that unfair or unconscionable means pertains to practices that are "shockingly unjust or unfair, or affronting the sense of justice, decency or reasonableness." *Arias*, 875 F.3d at 135.

Allegations that a plaintiff does not owe a debt do not, without more, plead sufficient facts to support a claim under the FDCPA because such statements set forth a "legal conclusion, or at least a mixed allegation of law and fact, rather than a factual allegation." *Ortiz v. Frontline Asset Strategies*, 21-CV-341, 2022 WL 939771, at *2 (E.D.N.Y. March 29, 2022), *quoting Rosenberg v. Frontline Asset Strategies, LLC*, 556 F, Supp.3d 157, 161 (E.D.N.Y. 2021); *See Mohnkern v. Equifax Info. Servs., LLC*, 19-CV-6446, 2021 WL 5239902, at *8 (W.D.N.Y. Nov. 10, 2021) (conclusory claim that the plaintiff does not owe the debt sets forth an unresolved legal issue rather than a plausible factual claim). Moreover, absent factual allegations that defendant moved forward with state court proceeding in the face of evidence that no such debt existed or that it lacked a legal basis to pursue it, plaintiff has not sufficiently plead a claim under either 15 U.S.C. § 1692e or 15 U.S.C. § 1692f.  *Remler v. Cona Elder Law, PLLC,* 21-CV-5176, 2022 WL 4586243, at *5 (E.D.N.Y. Sept. 29, 2022). Plaintiff's allegations in the instant case that defendant attempted to collect a debt which was falsely represented and not authorized under any agreement are similarly insufficient to state a plausible claim under the FDCPA.. *See Johnson,* 2022 WL 1421815 (plaintiff's

allegation that she is not liable to defendant for alleged debt of $503 by any agreement or law, is insufficient to support a claim under the FDCPA).

Common Law Claims

In accordance with 28 U.S.C. § 1367(c), it is recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's claims of negligence and negligence *per se*. *See Marcus v. AT&T Corp*., 138 F.3d 46, 57 (2d Cir. 1998 ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."); *Raymond v. Arcadia Recovery Bureau*, LLC, 565 F. Supp.3d 369, 376-377 (S.D.N.Y. 2021) (declining to exercise supplemental jurisdiction over state law claims of negligence and violation of the New York General Business Law following dismissal of FDCPA claim).

## **CONCLUSION**

For the foregoing reasons, it is recommended that defendant''s motion to dismiss (Dkt. #4), be granted and plaintiff's motion to remand (Dkt. #9), be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:   Buffalo, New York
　　　　  January 10, 2023

　　　　　　　　　　　　　　　　　　　　 /s H. Kenneth Schroeder, Jr.
　　　　　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**